IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| SENSIS CORP., Plaintiff, | CASE NUMBER 06-603C |
| v. | |
| THE UNITED STATES OF AMERICA, Defendant. | JUDGE: Hewitt |
| and, | |
| LOCKHEED MARTIN CORPORATION MARITIME SYSTEMS AND SENSORS – SYRACUSE, Defendant-Intervenor. | |

## MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS REQUIRED TO COMPLETE THE ADMINISTRATIVE RECORD

Plaintiff, SENSIS CORPORATION ("Sensis Corp."), moves this Court, pursuant to RCFC 52.1(a), RCFC Appendix C ¶ 22, and the Court's previous order dated August 31, 2006, to compel the Defendant, United States, to produce documents necessary to complete the Administrative Record ("AR"). Good cause exists to compel the Defendant to produce these documents as they are required by both the Rules of the Court of Federal Claims and the Court's August 31, 2006 order, and are relevant to Plaintiff's protest of the modification of Lockheed Martin Corporation's ("Lockheed's") Contract Number M67854-05-D-2002.

1. RCFC 52.1(a) requires that:

> In all cases in which action by, and a record of proceedings before, and agency is relevant to a decision, the administrative record of such proceedings shall be

> certified by the agency or agencies and filed with the court. The court may by order, including a scheduling order entered pursuant to RCFC 16(b) and Appendix A or C, establish a time for filing the administrative record.

2. Furthermore, RCFC Appendix C, titled "Procedure in Procurement Protest Cases," establishes at Part VII, "The Content and Filing of the Administrative Record" the documents that may, as appropriate, be included in the administrative record. RCFC Appendix C, ¶ 22. In addition to the documents listed in ¶ 22, Appendix C states that "Any additional documents within the administrative record shall be produced at such time as may be agreed to by the parties *or ordered by the court*." RCFC Appendix C, ¶ 24 (italics added).

3. On August 31, 2006, the Court issued an order to the parties by which the Defendant was ordered to produce documentation as part of the AR:

> The AR shall contain, without limitation, the following documents:
>
> (1) any and all procurement planning documents to include any documents addressing acquisition strategy and any documents relating to any consideration by the Agency of competitive acquisition;
>
> . . .
>
> (4) all documents generated, received, reviewed or otherwise employed in connection with the agency decision to make the Modification by the agency or any other person, including documents concerning any communications between the Agency and Lockheed related to the Modification.

Order dated August 31, 2006 at 1-2.

(4) On September 15, 2006, the Defendant filed the AR with the Court. Defendant had previously provided Plaintiff documents that it intended to include in the AR, but it was not known whether the documents provided by Defendant comprised the entire AR. Plaintiff received the AR in its "final" format as a CD-ROM on September 18, 2006.

(5) After reviewing the documents included by Defendant in the AR, Plaintiff believes that the AR is incomplete. Specifically, the AR contains no documents "generated, received, reviewed or otherwise employed in connection with the agency decision to make the

Modification by the agency or any other person." Although the AR includes an "Acquisition Plan" and a single Justification and Approval document for the first Lockheed contract, there are no other documents in the AR that are internal to the agency or otherwise that discuss the agency's initial decision to seek competition rather than award Lockheed a sole source contract modification for the redesign of the processors in the Data Processing Group in the AN/TPS-59(V)3 radar system. Based on the significant time and effort spent by the agency in exploring a competitive acquisition for this requirement, Plaintiff believes with good cause that further documentation exists, including but not limited to internal memoranda and electronic correspondence, that documents the agency's decision "relating to any consideration by the Agency of competitive acquisition."

(6) Additionally, a document provided by the Defendant entitled "ECP Evolution for the TPS-59" quotes from a Business Case Analysis (BCA) performed in 2001 and refers to two independent studies commissioned "to forecast what components and repair parts associated with the AN/TPS-59(V)3 could be expected to become obsolete or have limited availability due to [Diminished Manufacturing Sources] in the near future." Despite the Court's August 31, 2006 order, the BCA and the two independent studies have not been produced. They are relevant to Plaintiff's protest because they provide information regarding the scope of Lockheed's sole-source contract and the potential for competition for other requirements related to the AN/TPS-59(V)3 radar system.

(7) Counsel for Plaintiff attempted to contact counsel for Defendant on September 19, 2006 by telephone and on September 20, 2006 by e-mail to request that Defendant provide the documents required by the Court's order. To date, counsel for Defendant has not responded

to Plaintiff's request. Given the short time frame required for dispositive motions in this protest cast, time is of the essence.

Therefore, Plaintiff respectfully files this motion for the Court to compel the Defendant to comply with the Order dated August 31, 2006 and to produce the documents that are required to be included in the administrative record.

Respectfully submitted,

William A. Shook
Preston Gates & Ellis & Rouvelas Meeds LLP
1735 New York Avenue, N.W., Suite 500
Washington, DC 20006
Tel: (202) 661-6256
Fax: (202) 331-1024

Date: September 22, 2006